## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TYKEITH CLINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22 C 802 |
| | ) | |
| FAMOUS DAVE'S OF AMERICA, INC. | ) | Judge Charles P. Kocoras |
| and WINDY CITY RESTARANT | ) | |
| HOLDINGS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Windy City Restaurant Holdings, LLC's Motion to Dismiss Count V of Plaintiff Tykeith Clinton's Complaint under Federal Rule of Civil Procedure 12(b)(6) [14] is granted. See Statement for details.

## STATEMENT

Plaintiff filed the instant Complaint asserting claims of sex and race discrimination, retaliation, hostile work environment, and defamation *per se* against his former employer. Defendant moved to dismiss Plaintiff's defamation *per se* claim because: (1) Plaintiff did not assert it within one year of the statement's publication; (2) the purported defamatory statement lacks sufficient precision or particularity and is thus a nonactionable statement; and (3) the purported statement is not defamatory because it is privileged.

On May 31, 2022, the Court set a briefing schedule for the motion. Plaintiff's response was due on June 23, 2022. On June 23, 2022, Plaintiff filed a motion for an extension of time to July 7, 2022, which the Court granted. The July 7, 2022 due date came and went with neither a response by Plaintiff nor a request for additional time. The Court made multiple efforts to contact Plaintiff's counsel to determine the reason for the failure to respond, which have been futile. To date—more than three weeks past the deadline—Plaintiff has yet to respond.

Failure to respond to a motion to dismiss constitutes a waiver or concession. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss . . . [the plaintiff] forfeited her right to continue litigating her claim"). Accordingly, Defendant's Motion to Dismiss [14] is granted. Count V of Plaintiff's Complaint is dismissed.[1]

It is so ordered.

---

[1] Dismissal of Plaintiff's defamation *per se* claim is also appropriate because it is time-barred. A cause of action for defamation must be filed within one year of the cause of action's accrual. *Ciolino v. Simon*, 2021 IL 126024, ¶ 19 (citing 735 ILCS 5/13-201). The alleged defamatory statement(s) was allegedly made in October 2019, and Plaintiff did not file his Complaint until February 14, 2022.

Dated: August 3, 2022

_____
Charles P. Kocoras
United States District Judge